Sukhdev SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73836.
Agency No. A79–587–798.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Sukhdev Singh, Reno, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Thomas Fatouros, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Sukhdev Singh, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS,* 213 F.3d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1050, 1052 (9th Cir.2000), and we deny the petition for review.

The BIA correctly concluded that the news articles and other material that Singh submitted in support of his motion were not sufficient to establish a material change in conditions in India that would warrant reopening the proceedings to allow him to further pursue his asylum claim. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen"); *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (alien must adduce "credible, direct, and specific evidence" to demonstrate a reasonable fear of future persecution).

Nor does the material submitted with the motion to reopen have any bearing on the adverse credibility finding made by the immigration judge at Singh's administrative hearing. Accordingly, the BIA did not abuse its discretion by denying Singh's motion to reopen. *See Singh,* 213 F.3d at 1052 (no abuse of discretion where BIA's decision is not arbitrary, irrational or contrary to law).

PETITION FOR REVIEW DENIED.